```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                    3:07CV237-2-MU
```

```
ALFONZO ALEXANDER JEFFERSON    )
      Plaintiff,               )
                               )
        v.                     )
                               )
M.L. SUDDRETH, Charlotte Meck-)
   lenburg Police Officer; and )
JANE DOE, Clerk of Court for   )
   Mecklenburg County District )
   Court,                      )
      Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint, filed June 19, 2007. Upon careful consideration by the Court, for the reasons set forth herein, the plaintiff's Complaint will be <u>dismissed</u> in its entirety.

According to his Complaint, in March 2006, the plaintiff was convicted of failure to stop in Greenville South Carolina. On that occasion, the plaintiff was sentenced to a term of 18 months probation. Presumably, the first portion of that probationary sentence was served under supervision as the plaintiff further alleges that in July 2006, he probation became unsupervised, and he was given permission to return (presumably from South Carolina) to his residence in Charlotte, North Carolina.

Nevertheless, the plaintiff alleges that in May 2007, he was

arrested by defendant Suddreth on a Complaint which asserts that he had violated his South Carolina probation by fleeing that jurisdiction and concealing himself in the State of North Carolina. The plaintiff claims that the issuance of that Complaint by Jane Doe, Clerk, inexplicably violated his right to due process; and that defendants Suddreth and Doe somehow "conspired to deny [plaintiff his] civil rights to equal protection of the law and due process." By way of relief, the plaintiff seeks thousands of dollars from both defendants in compensatory damages.

Notwithstanding his obvious belief to the contrary, however, this Complaint must be summarily dismissed. Indeed, it has not escaped the Court's attention that the plaintiff's allegations of civil rights violations and conspiracy are conclusory, lacking even a hint of support in his Complaint. The law is well settled, however, that to survive a review for factual frivolousness, a plaintiff proceeding in forma pauperis, as is the case here, cannot rely merely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317; see also Adams v. Rice, 40 F.3d 72, 74 (plaintiff "must present more than naked allegations" to survive dismissal), cert. denied, 514 U.S. 1022 (1995).

Based upon the foregoing, then, the instant Complaint is hereby **DISMISSED** in its entirety. 28 U.S.C. §1915A(b)(1).

SO ORDERED.

Signed: June 20, 2007

Graham C. Mullen
United States District Judge